IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joey A. Norris, #10390, | ) | C/A No.: 1:20-246-DCC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND NOTICE |
| | ) | |
| Darlington Sheriff's Office and | ) | |
| Darlington Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Joey A. Norris ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the Darlington Sheriff's Office ("Sheriff's Office") and the Darlington Detention Center ("Detention Center") (collectively "Defendants").[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

---

[1] Plaintiff is a pretrial detainee at Detention Center. [ECF No. 1 at 2, 7]. He attempts to bring suit on behalf of himself and two other Detention Center inmates, Steven Huggins ("Huggins") and James Dees ("Dees"), for alleged violations of their constitutional rights. *Id.* at 2–7. Neither Huggins nor Dees signed the complaint. *See* ECF No. 1 at 15. Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented." Because Joey A. Norris signed the complaint, the undersigned considers him to be the sole plaintiff in this matter.

I. Factual and Procedural Background

Plaintiff claims Private Williams neglected to perform her hourly rounds, leading to the decline and death of an inmate. *Id.* at 4. He claims watching emergency personnel remove the body of the deceased caused him mental and emotional damage. *Id.*

Plaintiff alleges Huggins developed an infection as a result of Detention Center medical staff's negligence in treating a large, impassable kidney stone. *Id.* He maintains Huggins has experienced swelling in his face, limited use of his right leg, and inability to relieve his bladder. *Id.* He claims Huggins's family had to provide a catheter because Detention Center did not have one. *Id.* He states Huggins has developed difficulty walking because of right leg stiffness. *Id.* He claims Huggins has an abscess in his spinal cord and is experiencing hives and rash. *Id.* He contends Huggins has not been examined by a neurologist. *Id.*

Plaintiff alleges Sergeant Polk ("Sergeant") removed Dees from a holding cell and searched him, after suspecting him of smoking. *Id.* at 5. He claims Sergeant found no contraband, but refused to return Dees's clothing and placed him in a turtle suit. *Id.* He maintains Dees was denied a shower and medical attention for a second degree burn on his left hand. *Id.*

2

Plaintiff alleges Detention Center administration inflicted mass punishment on pod B by taking away night recreation without explanation during the month of December. *Id.*

Plaintiff alleges Sheriff's Office arrested him on October 17, 2019, and immediately transported him to Detention Center, despite his report of having been injured in a car accident and his request to be transported to the hospital. *Id.* at 5–6. He states he was examined by medical personnel at Detention Center on October 18, 2019, who refused his request to be transported to the hospital even after he explained that he had sustained a head injury in a car accident and was detoxing from heroin and methamphetamine. *Id.* at 6. He alleges he was subsequently unable to see or walk. *Id.* He maintains he followed up with medical personnel on October 25, 2019, and they again refused to transport him to the hospital. *Id.* He claims his equilibrium continues to be impaired. *Id.*

Plaintiff alleges room 121 in pod B contains black mold. *Id.* He admits no inmates are housed in room 121, but maintains other rooms use the same ventilation system. *Id.* Plaintiff claims the food trays also have black mold on them. *Id.*

Plaintiff alleges Defendants have violated his and other inmates' constitutional rights through their refusal of medical attention, criminal negligence, cruel and unusual punishment, reckless endangerment, and

deliberate indifference. *Id.* at 7. He requests the court award him three million dollars in damages. *Id.* at 9.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

    1. Sheriff's Office and Detention Center Not "Persons" Subject to Suit Under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section

5

deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." See 42 U.S.C. § 1983; see generally 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. See *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

To assert a viable § 1983 claim against a public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. See *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*,

---

1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

6

423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights) Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008).

Plaintiff has failed to name a defendant who qualifies as a person, as neither Sheriff's Office nor Detention Center are "persons" subject to suit under § 1983. Furthermore, Plaintiff has not named as a defendant any public official whose actions allegedly deprived him of his constitutional rights. Accordingly, Plaintiff's complaint is subject to summary dismissal.

### 2. Plaintiff Not Permitted to Bring Suit on Behalf of Others

Plaintiff alleges Defendants' actions violated Huggins's and Dees's constitutional rights. [ECF No. 1 at 4–5]. Plaintiff may represent himself, but lacks standing to bring suit on behalf of others. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others). Therefore, Plaintiff's claims as to and on behalf of Huggins and Dees are subject to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 18, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to

cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

January 28, 2020
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge